# EXHIBIT A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In Re Application of Terra Invest, LLC Under 28 U.S.C. 1782 to Conduct Discovery for Use in Foreign Proceedings )
*Plaintiff* )
v. ) Civil Action No.
)
)
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: OKO Group LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Nixon Peabody LLP<br>55 West 46th Street, Tower 46<br>New York, New York 10036 | Date and Time:<br>07/23/2021 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Terra Invest, LLC , who issues or requests this subpoena, are:

Daniel A. Schnapp, Nixon Peabody LLP, 55 West 46th Street, Tower 46, New York, NY 10036, dschnapp@nixonpeabody.com, (212) 940-3000.

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# EXHIBIT A

# DEFINITIONS

1. "Capital Group" means Capital Group Development, LLC or LLC Capital Group Development, a Russian real estate development company, and where appropriate, its parent, subsidiaries, affiliates, partners, members, owners, officers, directors, employees, or agents.

2. "Communication" or "communications" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3. "Document" or "documents" mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails, text messages, and all other online messaging platforms (including, but not limited to, iMessage, WhatsApp, Telegram)), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

4. "Fridom" means Fridom, LLC or LLC Fridom, a Russian company, and where appropriate, its parent, subsidiaries, affiliates, partners, members, owners, officers, directors, employees, or agents.

5. "Mr. Andrei Dolin" means Russian national and co-owner of Fridom, Andrei Dolin.

6. "Mr. Mikhail Cherkasov" means Russian national and co-owner of Fridom,

Mikhail Cherkasov.

7. "Mr. Vladislav Doronin" means OKO Group LLC founder and Chief Executive Officer, and beneficial owner of Capital Group, Vladislav Doronin.

8. "Person" or "persons" means all individuals and entities, including, but not limited to, all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations, and trusts.

9. "Petitioner" means Terra Invest, LLC or LLC Terra Invest.

10. "Project" means the Mir Mitino residential real estate development project located in the Mitino District of Moscow, Russia.

11. "Relevant time period" means January 1, 2019 until the date when you have produced all documents responsive to these requests.

12. "Rozhdestveno, JSC" means the Russia-based holding company of the Project joint venture formed between Terra Invest and Fridom.

13. "Rozhdestveno, LLC" or "LLC Rozhdestveno" mean the Russia-based operating company related to the Project.

14. "Sberbank" means Sberbank of Russia, PJSC and where appropriate, its parent, subsidiaries, affiliates, partners, members, owners, officers, directors, employees, or agents.

15. "You" and "your" means OKO Group LLC, and where appropriate, your parent, subsidiaries, affiliates, partners, members, owners, officers, directors, employees, or agents.

**INTERPRETATION OF THESE REQUESTS**

16. "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

17. The connectives "and" and "or" shall be construed either in the conjunctive or in

the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

18. "Related to" or "relating to" means concerning, referring to, describing, evidencing, including, or constituting.

19. "Including" means including, but not limited to.

20. To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1. Produce all documents in your possession, custody, or control, including those in possession, custody, or control of your attorneys, accountants, representatives, or other agents. Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them. Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2. If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3. If you object to any request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4. If you object to any request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5. If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6. If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response to such request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor of the broadest possible construction.

7. These requests for production of documents are continuing in nature. If, after you already have responded to these requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

8. When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

9. If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

# DOCUMENT REQUESTS

During the relevant time period, please:

1. Produce all documents related to the Project, including your investment agreements, loan agreements, collateral agreements, construction agreements, heads of term, assignment agreements, or all other agreements, contracts, letters of intent, or term sheets related to the Project.

2. Produce all documents related to Mr. Vladislav Doronin's knowledge of and involvement in the Project, including Mr. Vladislav Doronin's investment agreements, loan agreements, collateral agreements, construction agreements, heads of term, assignment agreements, or all other agreements, contracts, letters of intent, or term sheets related to the Project.

3. Produce all documents related to your communications with Mr. Mikhail Cherkasov related to the Project.

4. Produce all documents related to your communications with Mr. Andrei Dolin related to the Project.

5. Produce all documents related to Mr. Vladislav Doronin's communications with Mr. Andrei Dolin related to the Project.

6. Produce all documents related to Mr. Vladislav Doronin's communications with Mr. Mikhail Cherkasov related to the Project.

7. Produce all documents related to your communications with Capital Group related to the Project.

8. Produce all documents related to Mr. Vladislav Doronin's communications with or from Capital Group related to the Project.

9. Produce all documents related to your communications with Sberbank related to the Project.

10. Produce all documents related to Mr. Vladislav Doronin's communications with Sberbank related to the Project, including all loan agreement documents and Mr. Vladislav Doronin's communications related to such documents.

11. Produce all documents related to Rozhdestveno, JSC related to the Project, including documents related to Rozhdestveno, JSC's 2019 annual general shareholder meeting.

12. Produce all documents related to Rozhdestveno, LLC related to the Project.

13. Produce all documents related to Fridom related to the Project.

14. Produce all documents related to Terra Invest related to the Project, including all documents related to lawsuits that Terra Invest has filed in Russia.