UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF TERRA INVEST, LLC UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Case No. _____

## DECLARATION OF OLEG TKACHENKO

I, Oleg Tkachenko, declare and state:

1. My name is Oleg Tkachenko. I am a criminal attorney (advocate) practicing law in the Russian Federation with the Advokatskoye Bureau "Mezhdunarodnye Advokaty BM" and a counsel for Baker McKenzie – CIS, Limited, a member of Baker & McKenzie International. I have a Russian Advocate Certificate issued on 13 July 2004 by the Main Directorate of the Ministry of Justice of the Russian Federation for the Moscow Region, its registration number is 50/4525, and my license number is 4574.

2. My contact information is 9 Lesnaya Street, White Gardens Business Center, Moscow, 125196, the Russian Federation, Advocate Bureau "Mezhdunarodnye Advokaty BM", cell telephone +7 963 9612481, e-mail: oleg.tkachenko@bakermckenzie.com.

3. I was awarded the status of a Russian advocate, which allows me to practice criminal cases, in 2004. I received my legal training in the Tax Police Academy graduating with a law degree in 2001. My experience and practice includes representing clients across the full range of potential criminal cases, particularly white collar crime cases, in Russia.

4. I also am often called upon to provide my expert opinion about Russian criminal procedure and substantive law, including a victim's role in Russian criminal investigations.

5. I understand Terra Invest, LLC ("**Terra Invest**") has alleged that it is the victim of a concerted effort to fraudulently usurp its corporate and financial interests in a residential real estate project. I also understand that such effort allegedly included the creation and use of a forged power of attorney ("**PoA**", "**forged PoA**"), to:

    a. ostensibly represent Terra Invest, without its knowledge or consent, during an annual general meeting of shareholders of Rozhdestveno JSC (as a shareholder of Rozhdestveno JSC);

    b. sign a transfer and acceptance statement and present this statement together with the forged PoA to a Russian civil court as evidence.

## I. Creation of the forged PoA and its further use are criminal offences under Russian Criminal Law.

6. The creation of forged documents for use is punishable under Article 327(1) of the Russian Criminal Code[1] ("**RCC**"), which sets forth as follows:

*Forgery of an official document granting rights or relieving a party from its duties, for the purpose of its use, or illegal sale of such document, or creation for the same purposes, or illegal sale of forged [...] stamps, seals, or letterheads -*
*is punishable with restriction of freedom for a term of up to 2 years, or compulsory community service for a term of up to 2 years, or arrest for a term of up to 6 months, or imprisonment for a term of up to 2 years.*

7. In its Resolution No.43, the Plenum of the Russian Supreme Court ("**Resolution of Plenum No. 43**") defines "*official documents*" as:

*[...] documents, including electronic documents, which are created, issued or certified in the manner prescribed by law or another regulatory act by federal state government authorities, state government authorities of the constituent entities of the Russian Federation, local government bodies or authorized organizations or persons (educational, medical and other organizations, regardless of ownership, officials and persons performing managerial functions in commercial and non-commercial organizations, examination, medical and other commissions, notaries, etc.) and certify legally significant facts.*"[2] [Emphasis added]

8. The forged PoA would be considered an "*official document*".

9. Furthermore, pursuant to Clause 8 of Resolution of Plenum No. 43:

*Both illegal change of separate parts of an original official document by expungement, addition, replacement of elements, etc., distorting its real content, and creation of new official document containing knowingly false information, including with the use of original letterhead, seal, stamp shall qualify as a forgery of the official document granting a party rights or relieving it from duties [...]*

10. I understand that the forged PoA did not contain a handwritten signature of Terra Invest's CEO, but rather an image of some signature, which was technically transferred from a copy of the CEO's signature, and the seal impression of Terra Invest, which was made by computer editing (copying, pasting, masking traces).

---

[1] Criminal Code of the Russian Federation of 13 June 1996 No. 63-FZ (revision of 5 April 2021, as amended on 8 April 2021).
[2] Clause 1 of Resolution of the Plenum of the Supreme Court of the Russian Federation of 17 December 2020 No. 43 "On certain matters of judicial practice in cases involving crimes under Articles 324 - 327.1 of the Criminal Code of the Russian Federation".

11. The copy of the CEO's signature (who as I understand in fact has never signed a PoA for D.A. Kharitonov) together with the image of the seal were intended to mislead third parties, among them were, at least, a notary public and a judge.

12. Russian courts consistently confirm that the intentional creation of a forged official document and/or change the contents of an official document by making misleading entries with the purpose of its forgery, performed by using computer technology, digital solutions or electronic editing programs are classified as forgery under Russian criminal law.[3]

13. Thus, the forged PoA, which is an official document of Terra Invest, aimed at misleading third parties (i.e., for further use), constitutes a criminal offence under Article 327(1) of the RCC.

14. Documents produced on the basis of the forged PoA (e.g., protocol of the annual general meeting of Rozhdestveno JSC shareholders and the document transfer and acceptance statement) may also be classified as forged documents under the RCC. Russian courts maintain that a document is considered falsified when it contains illegally added information that does not correspond to reality.[4] Both the protocol of the annual general meeting of shareholders and the document transfer and acceptance statement contain illegally introduced information, at least, stating that Terra Invest authorized D.A. Kharitonov to act on its behalf.

## II. The discovery Terra Invest seeks would be accepted by Russian investigators.

15. Falsification of evidence,[5] as well as creation and use of forged documents,[6] are crimes of public prosecution in Russia. Investigations into these crimes may be initiated, among other things, by request of any party that has information about the offences.[7]

16. Terra Invest may request and has in fact requested the initiation of criminal investigations concerning the forged PoA.

17. If investigators find that Terra Invest suffered material or reputational damage as a result of a crime, Terra Invest may be granted crime victim status.[8]

---

[3] E.g., Verdict of the Tushinskiy District Court of Moscow of 20 February 2019 in case No. 1-132/2019; Verdict of the Oktyabrsky District Court of Penza of 23 April 2019 in case No. 1-127/2019; Verdict of the Krasnosulinsky District Court of the Rostov region of 9 July 2020 in case No. 1-213/2020; Verdict of the Leninsky District Court of Makhachkala of 17 August 2020 in case No. 1-343/2020; Verdict of the Dyatkovo City Court of the Bryansk region of 12 August 2020 in case No. 1-140/2020; Verdict of the Central District Court of Simferopol of 9 March 2021 in case No. 1-118/2021.
[4] Verdict of the Boksitogorsk City Court of the Leningrad Region of 22 June 2017 in case No. 10-9/2017; Decision of the Frunzensky District Court of Vladivostok of 26 April 2019 in case No. 2-1219/2019; Decision of the Central District Court of Sochi of 14 January 2021 No. 2-737/2021(2-6865/2020;)~M-8053/2020.
[5] Article 303 of the RCC.
[6] Article 327 of the RCC.
[7] Article 20 of the Code of Criminal Procedure of the Russian Federation of 18 December 2001 No. 174-FZ (revision of 30 April 2021, as amended on 13 May 2021, "**RCCP**").
[8] Article 42 of the RCCP.

3

18. Regardless of whether Terra Invest is granted crime victim status, Terra Invest is a party whose rights and legal interests are affected by the forgery of the PoA and, therefore, by any criminal investigations related thereto.

19. A party whose rights and interests are affected by a criminal investigation enjoys the right to file motions seeking specific procedural actions and decisions, for example, on the acceptance of specific pieces of evidence.[9]

20. In the event Terra Invest is granted crime victim status, the company will have numerous other rights related to the criminal investigation, including the right to participate in investigative actions with the permission of the investigator, support the prosecution, and others.[10]

21. Terra Invest therefore needs to gather and provide information and evidence to the authorities that is relevant to determining whether criminal conduct occurred, who engaged in such conduct, the motivations for committing the crime, when and where that conduct was carried out, and how the crime harmed Terra Invest.

22. Information that Terra Invest obtains through the U.S. discovery process, including under 28 U.S.C. § 1782, may be presented to investigators. Investigators will consider that evidence, particularly so since it originates from a reliable process.

23. Article 74(1) of the RCCP provides that:

*Evidence in a criminal case is any information on the basis of which a court, public prosecutor, investigator in the manner prescribed by RCCP, establish the existence or absence of circumstances to be proven in a criminal case, as well as other circumstances relevant to the criminal case.*

24. Article 74(2) of the RCCP further sets forth a non-exhaustive list of admissible evidence:

*The following shall be admissible as evidence:*
*1) testimony of the suspect, the accused;*
*2) testimony of the victim or witness;*
*3) opinion and testimony of an expert;*
*3.1) opinion and testimony of a specialist;*
*4) material evidence;*
*5) protocols of investigation and court actions;*
*6) other documents.*

25. Article 88 of the RCCP sets forth that:

---

[9] Article 120 of the RCCP.

[10] Article 42(2) of the RCCP.

*Every piece of evidence shall be assessed from the standpoint of its relevance, admissibility and authenticity [...]*

26. Therefore, in Russia, there is no prohibition on the use of documents obtained in a foreign state, including through the 28 U.S.C. § 1782 procedure, for use in the course of a criminal investigation, so long as these documents contain relevant data to allow the Russian investigators to establish facts necessary to solve the crime.

27. In my opinion, all of the information Terra Invest seeks may be accepted by Russian investigators as relevant evidence because it identifies participants in the forged PoA scheme and subsequent uses of it, and uncovers their strategic communications about how to carry out that scheme.

28. Similarly, in my opinion, all of the information Terra Invests seeks may be valuable to the Russian investigators because it may demonstrate and corroborate what happened during the annual general shareholders meeting, why Terra Invest's voting interest was wrongfully usurped, the improper financial transactions that resulted from the annual general shareholders meeting, how and in what ways proceeds from the improper financial transactions were distributed or transmitted through the international financial system, including the United States financial system, and how all of this was coordinated by those involved.

I declare, under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  June 17, 2021

_____
Oleg Tkachenko